UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANNETTE WALKER-GOGGINS, ) | |
| Plaintiff, ) | Case No. 2:15-cv-01839-JCM-CWH |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Plaintiff Annette Walker Goggins's ("plaintiff") Application for Leave to Proceed In Forma Pauperis (doc. # 6), filed February 17, 2015, Motion for Speedy Trial (doc. # 7), filed November 10, 2015, and Sealed Emergency Motion for Injunctive Relief (doc. # 3), filed October 13, 2015.

**I.   In Forma Pauperis Application**

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis is granted pursuant to § 1915(a). The Court now reviews plaintiff's complaint.

**II.   Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen the complaint pursuant to 28 U.S.C. § 1915(a). Federal courts have the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may

be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

The facts alleged in plaintiff's complaint are difficult to follow and incomprehensible. Plaintiff contends that she received an unfavorable decision from Defendant Social Security Administration ("defendant"), but fails to provide arguments or facts explaining the problem with defendant's decision, dated October 2, 2009. See Doc. # 1-1 at 1, 4-6. This Court's review of the decision reveals that defendant denied plaintiff's request for social security benefits because her husband's income was too high, and plaintiff failed to rebut that finding at a hearing before the administrative law judge ("ALJ"). Id. at 6. In addition, it appears another ALJ entered a decision in plaintiff's social security case on December 11, 2012, finding that defendant overpaid plaintiff for benefits in the amount of $17,181.00 during the period August 1, 2004 to March 30, 2007, but that defendant had waived the overpayment. See Doc. # 1-1 at 15. Nevertheless, plaintiff asks for relief, including, $400 million (tax exempt), witness protection, the prosecution of all violators, a written apology, and 72 hours of injunctive relief. Id. at 2. With respect to the latter, the injunctive relief requested appears to relate to a separate motion for an emergency injunction (doc. # 3) in which plaintiff restates assertions in her complaint and asks for injunctive relief from, among others, "domestic terrorism" and "ALL unfavorable actions," and seeks help for "black farmers." Doc. # 3 at 2-3. Moreover, another motion (doc. # 7) in which plaintiff requests a speedy trial appears to present information regarding plaintiff's marital status, but it is unclear what plaintiff is asking from this Court apart from the transfer of a purported state court case involving "children" or "co-plaintiffs" to this Court to "resolve once and for

1  <u>all</u> justice." Doc. # 7 at 2.  Given such, the Court finds that plaintiff's incoherent, fanciful, and
2  delusional claims and descriptions do not state a claim upon which relief can be granted.  The Court
3  recommends that the complaint be dismissed with prejudice for failing to set forth any plausible
4  claims, and that plaintiff not be given an opportunity to amend the complaint.

### ORDER AND RECOMMENDATION

6  Accordingly, **IT IS HEREBY ORDERED** that plaintiff's Application for Leave to Proceed
7  In Forma Pauperis (doc. # 6) is **granted**.  Plaintiff shall not be required to pay the court filing fee.

8  **IT IS FURTHER ORDERED** that the Clerk of Court shall file plaintiff's complaint (doc. # 1-
9  1) on the record.

10  **IT IS FURTHER RECOMMENDED** that plaintiff's complaint (doc. # 1-1) be **dismissed**
11  **with prejudice**.

12  **IT IS FURTHER RECOMMENDED** that plaintiff's Motion for Speedy Trial (doc. # 7) be
13  **denied**.

14  **IT IS FURTHER RECOMMENDED** that plaintiff's Sealed Emergency Motion for
15  Injunctive Relief (doc. # 3) be **denied**.

### NOTICE

17  This report and recommendation is submitted to the United States District Judge assigned to
18  this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may
19  file a written objection supported by points and authorities within fourteen days of being served
20  with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may
21  waive the right to appeal the District Court's Order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th
22  Cir. 1991).

23  DATED: December 18, 2015

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

3